Opinion filed October 11,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00157-CR

                                                    __________

 

                                DANNY
RAY McCLAIN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13929M

 



 

M
E M O R A N D U M   O P I N I O N

Danny
Ray McClain[1]
pleaded guilty in May 2009 to the lesser included offense of engaging in
organized crime/conspiracy to deliver a controlled substance, to-wit: 
methamphetamine, in an amount between four and two hundred grams.  The trial
court deferred a finding of guilt and placed appellant on deferred adjudication
community supervision for a term of eight years.  In April 2012, the State
filed a motion to proceed with an adjudication of guilt, alleging multiple violations
of the terms and conditions of community supervision.  The trial court heard the
motion to proceed on May 16, 2012.  Appellant admitted to one of the alleged
violations during the hearing.  The trial court found most of the alleged
violations to be true, adjudicated appellant guilty of the charged offense, and
assessed his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of twenty years and a fine of
$1,500.  We dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the brief
and advised appellant of his right to review the record and file a response to
counsel’s brief.  A response has not been filed.[2] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).  Following the procedures
outlined in Anders and Schulman, we have independently reviewed
the record, and we agree that the appeal is without merit and should be
dismissed.  Schulman, 252 S.W.3d at 409.  In this regard, a plea of true
to an alleged violation standing alone is sufficient to support a trial court’s
decision to revoke community supervision.  See Moses v. State, 590
S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

The motion to withdraw
is granted, and the appeal is dismissed.

 

 

                                                                                                PER
CURIAM

            

 

October 11, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of: Wright, C.J.,

McCall, J., and Hill.[4]

 









[1]Appellant’s last name is spelled “McClain” in the
indictment.  However, his last name is spelled “McLain” in the remaining
documents in the clerk’s record, including the Order of Deferred Adjudication,
the Judgment Adjudicating Guilt, and the Trial Court’s Certification of
Defendant’s Right of Appeal.  Additionally, appellant spelled his last name as
“McLain” on the court documents bearing his signature.





[2]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief. 

 





[3]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[4]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.